STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 KA 1724

STATE OF LOUISIANA

VERSUS

JOSHUA JERMAINE CALLOWAY

*Judgment Rendered:* **MAY 2 9 2020**

* * * * * * * *

Appealed from the
32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Case No. 731417 E

The Honorable Randall L. Bethancourt, Judge Presiding

* * * * * * * *

Bertha M. Hillman
Covington, Louisiana

Counsel for Defendant/Appellant
Joshua Jermaine Calloway

Joseph L. Waitz
District Attorney
Ellen Daigle Doskey
Assistant District Attorney
Houma, Louisiana

Counsel for Appellee
State of Louisiana

* * * * * * * *

BEFORE: GUIDRY, THERIOT, AND PENZATO, JJ.

**THERIOT, J.**

Defendant, Joshua Calloway, was charged by bill of indictment with second degree murder, a violation of La. R.S. 14:30.1. He pled not guilty. After a trial by jury, defendant was found guilty as charged. The trial court imposed a term of life imprisonment at hard labor, to be served without the benefit of probation, parole, or suspension of sentence. Defendant now appeals.[1] In his sole assignment of error, defendant challenges his conviction by a non-unanimous jury verdict.

In the recent decision of **Ramos v. Louisiana**, __ U.S. __, 140 S.Ct. 1390, 1397, __ L.Ed.2d __ (2020), 2020 WL 1906545, at *6, the United States Supreme Court overruled **Apodaca v. Oregon**, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406, 2020 WL 1906545, at *13.

Accordingly, defendant's conviction and sentence are set aside, and the case is remanded for a new trial.

**CONVICTION AND SENTENCE SET ASIDE, REMANDED TO TRIAL COURT FOR NEW TRIAL.**

---

[1] Due to the United States Supreme Court's grant of certiorari in **Ramos v. Louisiana**, __ U.S.__, 139 S.Ct. 1318, 203 L.Ed.2d 563 (2019), and because the constitutionality of defendant's conviction by a non-unanimous jury verdict is the sole assignment of error on appeal, this court stayed the instant matter until a ruling was issued in **Ramos**. See **State v. Calloway**, 2018-1724 (La. App. 1st Cir. 4/10/19) (unpublished order).